LAW OFFICES OF JOHN L. FALLAT
JOHN L. FALLAT (State Bar No. 114842)
TIMOTHY J. TOMLIN (State Bar No. 142294)
999 Fifth Avenue, Suite 590
San Rafael, CA 94901-2994
Telephone:  (415) 457-3773
Facsimile:   (415) 457-2667

Attorneys for Plaintiff
STEPHEN ECHOLS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| STEPHEN ECHOLS,<br><br>     Plaintiff,<br><br>vs.<br><br>MORPHO DETECTION, INC., UNITED STATES DEPARTMENT OF HOMELAND SECURITY, TRANSPORTATION SECURITY AGENCY<br><br>     Defendants. | Case No.  CV 12-3162-JFW (JEMx)<br><br>**PLAINTIFF STEPHEN ECHOLS MOTION FOR ATTORNEY FEES**<br><br>**DATE:** **January 27, 2014**<br>**TIME:** **1:30 p.m.**<br><br>**JUDGE:** Hon. J. F. Walter |

## 1.    Introduction

Plaintiff Stephen Echols was terminated from his employment because a Federal Bureau of Investigation criminal background record compilation incorrectly stated that he had been arrested in 2007 and it appeared as if Mr. Echols lied about its existence on a background check questionnaire.  In fact, Mr. Echols had been, for years, fighting to clear his record and keep himself from being arrested due to the illegal use of his name and identity by another person.

After obtaining a brief letter from the Transportation Security Administration advising him of the issue, Mr. Echols attempted to obtain the actual records which formed the basis of the conclusion that he had dishonestly stated that he had not been arrested on the occasion in question.  In fact, Mr. Echols had been mistakenly detained on that occasion due to the theft of his identity.  This error was acknowledged by law enforcement who assisted him in obtaining a "detention certificate" affirming that he had not been arrested.

In order to more effectively challenge the assertion that he had lied about being "arrested" in spite of the detention certificate and sealing of arrest records to the contrary, Mr. Echols sought from the TSA, at first informally, and then, when that proved ineffective, formally through a FOIA request, the records which allegedly established he had been arrested in order to disqualify him from employment.

Although FOIA itself calls for records to be produced within twenty (20) days of the request, the records were requested in May, 2011 but only produced in January, 2013, months after the federal defendants were named in the instant lawsuit filed on October 10, 2012.  The records were produced three years after Mr. Echols lost the employment which the records pertained to, and nearly two years after his request.

While FOIA requests may be made for a number of reasons, Mr. Echols request was made for the urgent reason of attempting to save his career employment.

The facts stated herein were established in the documents supporting and opposing the federal defendant's motion for summary judgment.

## 2.  Law and Argument

### A.   Attorney Fee Awards in FOIA Cases.

5 U.S.C. § 552 (The Freedom of Information Act) provides:

**(E)(i)** The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

(ii) For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either--
(I) a judicial order, or an enforceable written agreement or consent decree; or
(II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

Plaintiff had not received any documents pursuant to FOIA at the time of the filing of his amended complaint in October 2012 naming the federal defendants. (Fed. Def's Appx. To MSJ, Exhib. G)  When he did receive the records three years after his loss of his employment, they did not appear to contain all information he requested under FOIA pertaining to him, because his criminal background records should have revealed but did not reveal the expungment of the 1999 conviction, his judicial clearances, and the detention certificate/ order sealing arrest records proving he was not arrested.

The production of the documents only after the naming of the federal defendants in a lawsuit, and after notice in the form of a Government Tort Act claim, is a strong indication that the bringing of the lawsuit forced a "change in position" by the agency.  As explained to the TSA from the outset in 2010, Mr. Echols claim was "not insubstantial."  The information sought affected his livelihood.  After a delay of nearly three years from the initial informal requests to the year and a half delay from the date of the formal request, it is clear the filing of the present action against the federal defendants forced a change in their position and motivated the production of the documents.

While the claim itself may have been rendered moot by the delayed production, the Court should consider that the plaintiff "substantially prevailed" when he obtained the requested records after naming the federal defendants in the action.

The eventual delayed production of the documents under FOIA which occurred only after the filing of the first amended complaint did create a "voluntary or unilateral change in position by the agency," and that his claim was "not insubstantial" pursuant to 5 U.S.C. 552 (E)(ii)(II).  The harm caused by the delayed production of information was not simply that Mr. Echols was unable to review the documents.  It meant that he did not receive the notice directed to the individual whose records were being accessed which was presented

1  prominently on FBI report and advised him of his rights and the procedure to challenge the

2  accuracy of the information.

3       There appears to be little purpose served by the notice contained in the FBI criminal

4  history report if it is only shown to the intended recipient after a long-delayed FOIA

5  response.

6  **B.    Ninth Circuit Procedures**

7       The Ninth Circuit has crafted a two-step process for determining whether a party

8  may be awarded fees and costs under § 552(a)(4)(E). To be eligible for an award, a party

9  must show both that "(1) the filing of the action could reasonably have been regarded as

10 *necessary* to obtain the information," and that "(2) the filing of the action had a *substantial*

11 *causative* effect on the delivery of the information." *Church of Scientology,* 700 F.2d 486,

12 489 ( 9th Cir.,1983).

13      Once a court deems a party eligible to recover fees and costs, it then exercises its

14 "discretion to determine whether the plaintiff is entitled to fees." *Oregon Natural Desert*

15 *Ass'n v. Locke,* 572 F.3d 610, 614 (9th Cir.2009) . Entitlement to an award of fees under

16 FOIA is a separate analysis; a "determination of eligibility does not automatically entitle

17 the plaintiff to attorney's fees." *Church of Scientology* at 489. To determine whether a party

18 is entitled to fees, a court must evaluate a number of equitable factors, including (1) the

19 public benefit resulting from FOIA disclosures in the case, (2) the commercial benefit to

20 the party resulting from the disclosures, (3) the nature of the party's interest in the disclosed

21 records, and (4) whether the government's rationale for withholding the records had a

22 reasonable basis in law. *Long v. U.S. I.R.S.,* 932 F.2d 1309, 1313 (9th Cir.1991).

23      These "criteria are not exhaustive, however, and the court may take into

24 consideration whatever factors it deems relevant in determining whether an award of

25 attorney's fees is appropriate." *Long,* 932 F.2d at 1313 (internal quotation marks omitted).

26 The Ninth Circuit has made clear that "[t]he decision to award attorney's fees is left to the

27 sound discretion of the trial court." *Church of Scientology* at 492 and see *Rosenfeld v. U.S.*

28 *Dept. of Justice* 903 F.Supp.2d 859, 865-66 (N.D. Cal. 2012)

PLAINTIFF STEPHEN ECHOLS' MOTION FOR ATTORNEY FEES

The Court is requested to exercise its sound discretion in awarding attorney fees to plaintiff in consideration of the following factors:  It appears the filing of the action was necessary to obtain the documents, especially in light of the urgency of obtaining them from plaintiff's perspective.  The filing certainly had a substantial causative effect on the delivery of the information.  The long delayed information was delivered shortly after the lawsuit was filed.

The public benefit resulting from the FOIA disclosures in this case is to reaffirm that individual citizens can access information contained in government files about them, learn whether the information is incorrect, and act upon it in a timely manner.  The statute's provision that information should be provided in 20 days is a clear statement of the legislative intent.  Delayed information can sometimes mean denied information.  In this case, so much time had passed between the request and the response that plaintiff could not effectively act upon the information he obtained to save his job.

To the extent that there was a "commercial benefit" from the release of information, it would have been to save plaintiff's employment.

The nature of Mr. Echols interest in the information is beyond dispute.  The records cost him his career job.  If they were inaccurate, he deserved to know the details so he could act to correct the inaccuracies.

While the government has not stated a rationale for withholding the records, they were not produced within 20 days of the request, in fact they were not produced (withheld) for closer to 912 days.  Although the court has ruled the delay does not support the FOIA claim, plaintiff substantially prevailed in the goal of the action, to compel the production of the documents.  The court should exercise its discretion and award attorney fees to plaintiff for obtaining the substantial objective of forcing the disclosure of the records.

**3.    Requested Attorney Fees**

The Declaration of John L. Fallat filed herewith provides the calculations f or the requested fees.  The calculations are begun from the drafting and filing of the amended complaint which added the federal defendants.

1     As stated previously, the documents were produced within a few months of the

2  inclusion of the federal defendants in the lawsuit.

3     4.     Conclusion

4     For all of the reasons stated herein, the Court is respectfully requested to grant

5  plaintiff's motion for attorney fees.

6

7     Dated: December 26 , 2013

8

9                                    /S/ John L. Fallat
                                     JOHN L. FALLAT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I, KARIN S. MIRAL, declare that I am not a party to this action, am over the age of 18 years, maintain a business address at 999 Fifth Avenue, Suite 590, San Rafael, California 94901-2994, and that on the date shown below, I served the documents listed herein on the persons listed herein by electronic service directed to said persons at the addresses below.

**DOCUMENTS SERVED:**

**PLAINTIFF STEPHEN ECHOLS MOTION FOR ATTORNEY FEES**

**SERVED UPON:**

Eric Meckley, Esq.
Morgan Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
Email:      emeckley@morganlewis.com
*Attorneys for Defendant Morpho Detection, Inc.*

Michael D. Schlemmer, Esq.
Morgan Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel: (650) 843-4000
Fax: (650) 843-4001
Email: mschlemmer@morganlewis.com

Terrence M. Jones, Esq.
Assistant United States Attorney
United States Attorney's Office
Central District of California
300 N. Los Angeles St.,  Rm. 7516
Los Angeles, CA 9012
Tel: (213) 894-7354
Fax: (213) 894-7819
Email: terrence.jones@usdoj.gov
*Attorneys for Federal Defendants*

1    I declare under penalty of perjury that the foregoing is true and correct and that this

2  proof of service was executed on the date stated below, at San Rafael, California.

3  DATED:  12/26/13                    /S/ Karin S. Miral

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF STEPHEN ECHOLS' MOTION FOR ATTORNEY FEES