UNITED STATES DISTRICT COURT                                  **closed**
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-3162-JFW (JEMx)**                              Date:  March 11, 2014

Title:      Stephen Echols -v- Morpho Detection, Inc.

**PRESENT:**
           HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

    **Shannon Reilly**                            **None Present**
    **Courtroom Deputy**                          **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                          None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER AWARDING ATTORNEYS' FEES**

On December 26, 2013, Plaintiff Stephen Echols ("Plaintiff") filed a Motion for Attorney Fees. On January 6, 2014, Defendants U.S. Department of Homeland Security ("DHS"), Transportation Security Administration ("TSA"), and Janet Napolitano, the former Secretary of the DHS (collectively, the "Federal Defendants") filed their Opposition. On January 13, 2014, Plaintiff filed a Reply. On January 22, 2014, the Court issued an order granting Plaintiff's Motion for Attorney Fees, and ordered the parties to meet and confer to resolve any disputes regarding the amount of reasonable attorneys' fees that should be awarded to Plaintiff, and submit a joint statement to the Court if they could not resolve their disputes. The parties did not fully resolve their disputes during the meet and confer process, and on February 28, 2014, they filed their Joint Statement Re: Plaintiff's Motion for Attorneys' Fees ("Joint Statement"). After considering the Joint Statement, the Court rules as follows:

**I.      Discussion**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This equation is commonly referred to as the "lodestar." *See, Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). The prevailing rate in the community is indicative of the reasonable hourly rate for purposes of calculating attorney's fees using the lodestar method. *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. *Blum v. Stenson*, 465 U.S. 886, 895, n.11 (1984). The fee applicant also "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). "In


determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Welch*, 480 F.3d at 946 (quoting *Hensley*, 461 U.S. at 433). In making its reasonableness determination, the district court has considerable discretion to adjust the lodestar upward or downward on the basis of the twelve factors set forth in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976), some of which are subsumed into the initial lodestar calculation.[1]  *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996). In addition, "[i]f opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

In this case, during the meet and confer process, the parties were able to substantially resolve their disputes regarding attorneys' fees. Indeed, Plaintiff now seeks only $9,957.00 in attorneys fees (as opposed to the $57,242.50 sought in its Motion for Attorney Fees), and Defendants agree that $1,925.00 of that amount should be awarded.  The parties agree that the rate of $350 per hour for the attorneys is reasonable, and the rate of $175 per hour for the paralegals is reasonable. However, the parties were unable to reach an agreement as to the following issues: (1) whether Plaintiff should be awarded attorneys' fees for time expended after the TSA produced documents in response to Plaintiff's FOIA request; (2) whether Plaintiff should be awarded attorneys' fees for time expended on the administrative phase of the dispute and for time expended before filing the First Amended Complaint; (3) whether Plaintiff should be awarded attorneys' fees for time expended communicating with state and local police departments; and (4) other miscellaneous issues.

The Court concludes that Plaintiff is not entitled to attorneys' fees for time expended after the TSA produced documents in response to Plaintiff's FOIA request. Plaintiff's claims against the Federal Defendants became moot after the TSA produced the documents in its custody and control on January 15, 2013. *See, e.g., Yonemoto v. Department of Veterans Affairs*, 686 F.3d 681, 685 (9th Cir. 2012). Although the U.S. Office of Personnel Management and the Federal Bureau of Investigation did not produce documents to Plaintiff until March 7, 2013, those agencies are not a party to this lawsuit and the TSA fully discharged its obligations under FOIA as of January 15, 2013. Accordingly, Plaintiff is not entitled to attorneys' fees for time expended after January 15, 2013.

The Court concludes that Plaintiff is entitled to attorneys' fees for time expended before filing the First Amended Complaint if the work was necessary to secure the result obtained from this litigation. *Cf. Sierra Club v. United States Environmental Protection Agency*, 625 F. Supp. 2d 863, 869-71 (N.D. Cal. Oct. 19, 2007). Although the Court concludes that some of the time expended before filing the First Amended Complaint was necessary, the Court concludes that the time expended on the administrative phase of the dispute was unnecessary. *See* 5 U.S.C. §

---

[1] These "subsumed factors" include (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; (4) *the results obtained*; and (5) the contingent nature of the fee agreement. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996). In the Ninth Circuit, the favored approach is to adjust the lodestar on the basis of the subsumed reasonableness factors *before* calculating the lodestar. *Id.*

552(a)(6)(C)(i) ("Any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").

The Court also concludes that Plaintiff is not entitled to recover attorneys' fees for the time expended in communicating with state and local police departments as this time was not related to his FOIA claim.

With these principles in mind, the Court finds that Plaintiff is entitled to the following attorneys' fees:

| **Date** | **Rate** | **Hours** | **Amount** |
|---|---|---|---|
| 3/2/12 | 350 | 4.1 | $1435.00 |
| 10/2/12 | 350 | 2.6 | $910.00 |
| 10/4/12 | 350 | 0.5 | $175.00 |
| 10/29/12 | 350 | 0.8 | $280.00 |
| 11/6/12 | 350 | 0.7 | $245.00 |
| 11/9/12 | 350 | 0.6 | $210.00 |
| 11/19/12 | 350 | 0.4 | $140.00 |

II. **Conclusion**

Based on the foregoing, the Court finds that Plaintiff is entitled to recover attorneys' fees in the amount of $ 3,395.00.

IT IS SO ORDERED.